IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAN JENIFOR, # R-64747, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-1221-JPG |
| | ) |
| THOMAS P. BRADY and | ) |
| MS. WHITLEY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently serving a twenty-five year sentence for murder. Plaintiff claims that Defendants have failed to deliver his outgoing and incoming mail, in violation of his First Amendment rights.

More specifically, Plaintiff claims that Defendant Whitley (the Pinckneyville mailroom clerk) has failed to send out his mail to the Veterans Administration, hospitals, and other agencies, and/or failed to deliver to him the response(s) from the inquiries he sent out (Doc. 7, p. 5). He reasons that, since his letters of inquiry would have provoked a response if they had reached their destination (for example, a request for medical records to which he is legally entitled), the prison mailroom must be at fault for the mail interference. Plaintiff also complains about a number of his outgoing personal letters being returned to him marked "return to sender" (Doc. 7-1, pp. 9-11; 18; 34-39). He includes Defendant Brady (a postal inspector with the U.S. Postal Service in Chicago), apparently because Pinckneyville officials informed him that the "return to sender" stamp came from the U.S. Postal Service. In addition, Plaintiff includes

exhibits documenting that persons outside prison sent letters to him that were never delivered (Doc. 7-1, p. 31, 43). Further, a Notice of Appeal he sent to the Circuit Court of Cook County appears not to have been received, because the appellate court informed Plaintiff that an appeal was never docketed in his case (Doc. 7-1, pp. 24, 41).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Whitley for interference with his incoming and outgoing mail. However, Plaintiff fails to state a constitutional claim against Defendant Brady, and he shall be dismissed from the action.

First, although Plaintiff lists Defendant Brady as a party, he makes no allegations of wrongdoing against Defendant Brady in the body of the complaint. Plaintiff merely states that he wrote a letter complaining about the mail issues to the main Chicago post office (where Defendant Brady is located), and received no response (Doc. 7, pp. 1, 5). If Plaintiff's complaint letter had been directed to Defendant Brady, the lack of response does not create liability on his part. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). No constitutional claim arises against Defendant Brady or any other individual for failing to respond to a grievance or to investigate Plaintiff's complaints. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim"). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.

1996).  Accordingly, Defendant Brady will be dismissed from this action with prejudice.

**Pending Motions**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Frazier for further consideration.

Plaintiff's motion for service at government expense (Doc. 4) is **GRANTED IN PART AND DENIED IN PART.**  Service shall be ordered below for Defendant Whitley in this action, but Defendant Brady shall not be served, due to his dismissal from the case.

**Disposition**

**DEFENDANT BRADY** is **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for **DEFENDANT WHITLEY**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is

entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 36(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently

investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** December 27, 2012

s/ J. Phil Gilbert
United States District Judge
