# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DWAN JENIFOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. **3:12-cv-01221-JPG-PMF** |
| | ) | |
| MR WHITLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Defendant Mr. Whitley's (Doc. 20) motion for summary judgment and Plaintiff Dwan Jenifor's (Doc. 23) response thereto. For the following reasons, it is recommended that the (Doc. 20) motion for summary judgment be granted.

Jenifor filed this lawsuit on November 29, 2012 alleging violations of his right to send and receive mail under First Amendment to the U.S. Constitution. The crux of Jenifor's complaint is that prison officials at Pinckneyville Correctional Center ("Pinckneyville"), where he is incarcerated, failed to send out his mail to the Veterans Administration, hospitals, and other agencies, and failed to deliver certain return correspondence to him. He is maintaining this claim against Defendant Mr. Whitley, the Pinckneyville mailroom clerk. *See* Doc. 9 at 2. Pinckneyville is a correctional facility under the control of the Illinois Department of Corrections ("IDOC").

Whitley has moved for summary judgment on his affirmative defense of Jenifor's failure to exhaust administrative remedies prior to filing this lawsuit. *See* Doc. 20. "A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought." FED. R. CIV. P. 56(a). Summary judgment is

appropriate where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." *Id*. S*ee also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

The Prison Litigation Reform Act ("PLRA") provides as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a). Accordingly, all prison inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with a lawsuit. *See id*; *see also Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The IDOC has a three-step process for non-emergency grievances that prisoners under their jurisdiction are required to follow in order to exhaust administrative remedies. For the first step, the prisoner must first attempt to resolve the dispute through his or her grievance counselor. *See* 20 Ill.Admin.Code § 504.810. At step two, if the prisoner is unable to resolve the dispute through his or her counselor, the prisoner may file a written grievance with the Grievance Officer within sixty (60) days of discovery of the dispute. *See id*. The Grievance Officer then considers the grievance and reports his or her findings and recommendations in writing to the Chief

2

Administrative Officer ("CAO"). *See* 20 Ill.Admin.Code § 504.830. The third and final step of the exhaustion process is an appeal to the Administrative Review Board ("ARB"). After receiving a response from the CAO at step two, the prisoner has thirty (30) days from the date of the response to appeal to the ARB. *See* 20 Ill.Admin.Code § 504.850. With regard to prisoners under the control of the IDOC, administrative remedies may usually be deemed fully exhausted after the prisoner receives a copy of the ARB's decision at step three.

Whitley argues that it is entitled to judgment as a matter of law because no grievance regarding the sending or receiving of mail was properly exhausted through step 3 of the administrative process (ARB). For support, Whitley has provided the affidavit of Terri Anderson, Chairperson of the ARB. *See* Doc. 21-1. Ms. Anderson attests to the fact that the ARB did received four grievances from Jenifor regarding mail issues. *See id*. at 3-4 ¶¶ 8-11. The four grievances can be summarized as follows:

1. Grievance dated November 10, 2011. This grievance complains about a notice of appeal sent to the county clerk in April and May of 2011. *See* Doc. 21-2 at 2. The grievance was received by the counselor on November 14, 2011. *See id*. It was denied by a grievance counselor at step one of the process because it was submitted outside of the timeframe for submitting a grievance to the counselor (60 days). *See id*. *See also* 20 Ill.Admin.Code § 504.810(a) ("§ 504.810(a)"). The ARB denied it at step three for the same reason. *See* Doc. 21-2 at 1.

2. Grievance dated November 14, 2011. This grievance complains that the prison facility does not have access to hospital records and requests that the facility contact the hospitals to inform them to send all hospital records. *See* Doc. 21-3 at 2. It does not allege unlawful mail interference by prison staff so it is not penitent to this case. *See id*.

3. Grievance dated April 1, 2011. This grievance complains generally about censoring of mail at Pinckneyville and asks for a change in mail policy at Pinckneyville. *See* Doc. 21-4 at 1-2. The only specific complaint comporting with the requirements of § 504.810(b) (requiring "factual details") that can be gleaned from an exhibit attached to the grievance is that on September 9, 2010, Jenifor was sent a letter by his family that he never received. *See id*. at 3. This grievance was received by the counselor at step one of the grievance

3

process on April 11, 2011. *See id*. at 1. It was denied at every level of review because it was submitted outside the 60-day timeframe for review in § 504.810(a). *See id*. at 1, 4-5.

4. Grievance dated September 19, 2011. This grievance complains about mail being marked "return to sender" in the month of April 2011. *See* Doc. 21-5 at 2-3. This grievance was received by the counselor at step one of the process on October 5, 2011. *See id*. at 2. It was denied by the CAO at step two and the ARB at step three because it was submitted outside the 60-day timeframe for review in § 504.810(a). *See id*. at 1, 4.

Because the ARB did not address the merits of the relevant grievances (Nos. 1, 3 and 4) and Jenifor did not properly follow the IDOC's exhaustion procedure, Whitley argues that Jenifor's claim is not fully exhausted and should be dismissed. Jenifor has submitted some evidence with his (Doc. 23) response. However, nothing has been submitted that would cause the Court to find a genuine issue of material fact necessitating an evidentiary hearing. The Court finds, after evaluating all the evidence, that Jenifor more likely than not failed to properly follow the available IDOC procedures in exhausting his administrative remedies for the remaining claim in this case. Accordingly, this case should be dismissed. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002) ("…unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred.").

## RECOMMENDATION

For the forgoing reasons, it is recommended that the (Doc. 20) motion for summary judgment be granted. If these recommendations are adopted in their entirety, this case can be closed.

**SO RECOMMENDED.**

**DATED: November 19, 2013.**

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE