IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DWAN JENIFOR,

    Plaintiff,

vs.

THOMAS P. BRADY and MR. WHITLEY,

    Defendants.

Case No. 12-cv-1221-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 29) of Magistrate Judge Philip M. Frazier recommending this Court grant defendant Mr. Whitley's motion for summary judgment (Doc. 20). Plaintiff Dwan Jenifor filed an objection (Docs. 34 & 35). For the following reasons, the Court adopts the R & R and grants Whitley's motion for summary judgment.

    1.  R & R Standard

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Here, Jenifor has filed an objection, and the Court will undertake a *de novo* review of the R & R in which Magistrate Judge Frazier recommends this Court grant Whitley's motion for summary judgment.

2. Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252. With this standard in mind, the Court will consider whether Whitley is entitled to judgment as a matter of law.

3. Background

Jenifor filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights while in the custody of the Illinois Department of Corrections ("IDOC") and

incarcerated at Pinckneyville Correctional Center. Jenifor alleges that defendants Brady and Whitley failed to deliver his outgoing and incoming mail in violation of his First Amendment rights. Brady is a postal inspector with the United States Postal Service, and Whitley is a mailroom clerk at Pinckneyville Correctional Center. After threshold review, the Court dismissed Brady, and Whitley is the only remaining defendant.

Jenifor alleges Whitley failed to send out Jenifor's mail to the Veteran's Administration, hospitals, and other agencies. He further alleges Whitley failed to deliver mail to him. For instance, to support his claim, Jenifor reasons that Whitley must have interfered with his mail because Jenifor never received a response to a medical records request from a hospital. Jenifor further complains of mail returned to him marked "return to sender" and attaches evidence that he never received a letter mailed to him by a fellow inmate's family. Finally, he complains that the Circuit Court of Cook County never received his Notice of Appeal.

Whitley filed a motion for summary judgment arguing he is entitled to judgment as a matter of law because Jenifor failed to exhaust his administrative remedies. In support of his motion, Whitley submitted the affidavit of Terri Anderson, the Chairperson for the Office of Inmate Issues for the Illinois Department of Corrections, also known as the Administrative Review Board ("ARB"), in which she attested that a review the ARB records revealed Jenifor filed four grievances relating to issues with his mail.

In the first grievance dated November 10, 2011, Jenifor complained that his notices of appeal, mailed on April 18, 2011, and May 24, 2011, were never received by the Circuit Court of Cook County. The ARB denied that grievance, listing the following reasons: (1) Jenifor failed to submit it within sixty days from the date of the incident; and (2) the letter from the Circuit Court of Cook County is not an indication that the institution did not send Jenifor's mail. Attached to Jenifor's complaint is a letter from the Clerk's Office of the Appellate Court First District dated

September 20, 2011, that stated "none of the Notices of Appeal have been transmitted to the Clerk of the Appellate Court by the Clerk of the Circuit Court" (Doc. 7-1).

In the second grievance dated November 10, 2011, Jenifor complained about his failure to receive medical records from various health care providers. This grievance was denied stating the institution "does not have access to these medical records," and "you would need to have family obtain this information for you or you can write to these hospital to obtain information" (Doc. 21-3, p. 3).

In the third grievance dated April 1, 2011, Jenifor complained of problems receiving his mail. Jenifor attached the affidavit of fellow inmate Jared James that stated James' family had told him on January 14, 2011, that they had sent a letter to Jenifor on September 9, 2010. Jenifor alleges he never received the letter. That grievance was rejected because it was not submitted within sixty days of the date of the incident.

The ARB attached a fourth grievance from Jenifor, dated September 19, 2011, in which Jenifor complained that two letters were improperly marked "return to sender." The ARB denied this grievance and informed Jenifor that the "return to sender" stamp originates from the United States Postal Service, not the institutional mailroom.

In his response, Jenifor argues that he did file his grievance regarding his notice of appeal within sixty days of discovering that the institution had not mailed it to the court. Magistrate Judge Frazier recommends this Court grant Whitley's motion for summary judgment finding that "Jenifor more likely than not failed to properly follow the available IDOC procedures in exhausting his administrative remedies for the remaining claims in this case" (Doc. 20, p. 4).

4. Analysis

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust all available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a); *see also Kaba v. Stepp*, 458

F.3d 678, 683 (7th Cir. 2006).   The IDOC employs a three-step grievance process in which an inmate (1) grieves a matter to a prison counseler; (2) then engages in an institutional-level review, and (3) finally appeals to the ARB.  20 Ill. Admin. Code §§ 504.810(a), 504.850(a).  The initial grievance must "be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance."  20 Ill. Admin. Code § 504.810(a).  Because it is an affirmative defense, the burden to plead and prove a plaintiff failed to exhaust available administrative remedies is on the defendant.  *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008).

Here, Jenifor clearly filed his first grievance sixty days beyond the dates he allegedly mailed his notices of appeal.  The Court, however, must consider whether Jenifor has provided evidence that he filed his grievance within sixty days of the *discovery* that his notices were not mailed.  The only evidence in the record indicating a potential later date of discovery is the letter from the Clerk's Office of the Appellate Court First District in which the Clerk indicates the Circuit Court failed to transmit a notice of appeal.  This letter, however, only provides evidence that the Circuit Court, for whatever reason, had not transmitted Jenifor's Notice of Appeal to the Appellate Court First District.  It does not provide evidence that Whitley never mailed or the Circuit Court never received Jenifor's Notice of Appeal.

The Court will consider the remaining three grievances.  The second grievance complained of various medical providers' failure to provide medical records to Jenifor.  It did not make a claim against the mailroom.  The third grievance is clearly outside the sixty-day time frame.  Even considering the argument that Jenifor did not discover the alleged cause of action until January 14, 2011, when James' family informed him they had mailed the letter, Jenifor failed to file the grievance within sixty days of the date of discovery.  In the fourth grievance,

Jenifor complains that the United States Postal Service marked his mail "return to sender," and he does not make a claim against the mailroom.

Accordingly, viewing the evidence in the light most favorable to Jenifor, the Court finds there is no genuine issue of material fact and Whitley is entitled to judgment as a matter of law on his affirmative defense of failure to exhaust administrative remedies.

5. Conclusion

The Court **ADOPTS** the R & R (Doc. 29), **GRANTS** Whitley's motion for summary judgment (Doc. 20), and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**  March 18, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
